UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THERESA ANN HANKERSON,

                  Plaintiff,

-against-

SAFE HORIZON, et al.,

                  Defendants.

1:24-CV-1600 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Theresa Ann Hankerson, of Brooklyn, Kings County, New York, filed this action *pro se*, invoking the court's federal question jurisdiction. She sues: (1) "Woman Rising Shelter," of New Jersey, which the Court understands to be WomenRising, Inc., of Jersey City, New Jersey; (2) the Torrance State Hospital, a Pennsylvania state hospital located in Torrance, Pennsylvania; (3) Knwon or Kwon Lee, whom Plaintiff describes as a neighbor residing in Brooklyn; (4) "Bankers Conseco, Unlcaim Funds," with an address of "110 State" in Albany New York, which the Court understands to be the New York State Comptroller's Office of Unclaimed Funds, located at 110 State Street, in Albany, New York; and (5) "Safe Horizon," a private social services agency that has locations in all five boroughs of the City of New York.

    By order dated March 6, 2024, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, the Court directs Plaintiff to show cause by declaration, within 30 days, why the Court should not transfer this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the relevant venue provision, Plaintiff's claims may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under this statute, for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Because Defendant "Safe Horizon" appears to reside in all five boroughs of the City of New York, it seems to reside within this judicial district, as well as within the Eastern District of New York.[1] While Defendants Lee and "Banker's Conseco, Unclaim Funds" also appear to reside within the State of New York, not all of the defendants appear to reside in that State; Plaintiff seems to allege that Defendant Torrance State Hospital resides in Pennsylvania, and that Defendant WomenRising, Inc. resides in New Jersey. Thus, it does not appear that this court is a proper venue for this action under Section 1391(b)(1).

In her complaint, Plaintiff alleges that the events that are the bases for her claims occurred in "New York City, Jamaica, Queens, PA, NJ." (ECF 1, at 5.) She also alleges that she

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. § 112(c).

has been housed in shelters in "New York [and] New Jersey[,] but [was] kick[ed] out." (*Id.*) Plaintiff further refers to incidents involving members of the New York City Police Department ("NYPD") assigned to its 61st Precinct and to its Police Service Area 1, which are both located in Brooklyn, Kings County. She also alleges that "unclaim[ed] funds . . . State they was gonna [*sic*] give [her her] funds that they been withholding." (*Id.* at 6.) Plaintiff additionally alleges that, in May 2020, she "was assaulted [b]y [a] cab [d]river[;] when the cops came[,] they held [her] for no reason. They had put [her] in jail then a Hospital[;] held [her] over . . . at Torrence State Hospital" until January 27, 2021. (*Id.*)

While it is possible that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district, Plaintiff does not allege facts sufficient to show that. Rather, given Plaintiff's residence in Brooklyn, and her alleged experiences with NYPD members assigned to Brooklyn precincts, it would appear that a substantial part of the events giving rise to her claims occurred in Brooklyn, Kings County, within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Thus, there is at least some basis for the Court to determine that the United States District Court for the Eastern District of New York, as opposed to this court, is a proper venue for this action under Section 1391(b)(2). In addition, given Plaintiff's allegations concerning her placement in the Torrance State Hospital, which is located in Torrance, Westmoreland County, Pennsylvania, within the Western District of Pennsylvania, *see* 28 U.S.C. § 118(c), there is at lease some basis for the Court to determine that the United States District Court for Western District of Pennsylvania is also a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, that court may transfer that action to any other federal district court where it

might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

On balance, given Plaintiff's residency in Brooklyn, in the Eastern District of New York, and the strong possibility that a significant portion of the alleged events occurred there, it appears that the United States District Court for the Eastern District of New York is the most appropriate venue for this action. In light of Plaintiff's *pro se* status and the lack of specificity as to where a substantial part of the events giving rise to her claims occurred, however, the Court directs Plaintiff to show cause by declaration why the Court should not transfer this action, under Section 1404(a), to the United States District Court for the Eastern District of New York.

## CONCLUSION

The Court directs Plaintiff to show cause by declaration, within 30 days of the date of this order, why the Court should not transfer this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of New York. A declaration form is attached to this order. If Plaintiff fails to file a declaration within the time allowed, or fails to show good cause as to why the Court should not transfer this action, the Court will transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. §§ 1391(b)(2), 1404(a).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 29, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge